# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GATEWAY INSURANCE CO.,           )
                                 )
        **Plaintiff,**          )
                                 )
v.                               )
                                 )       No. 09-2048-CM
                                 )
SECURITY TRANSPORT SERVICES,     )
INC., et al.,                    )
                                 )
        **Defendants.**         )
                                 )

## MEMORANDUM AND ORDER

This declaratory judgment action seeks to determine whether insurance coverage exists under a commercial automobile insurance policy for a personal injury action filed against the insured in a Kansas state court. The case is before the court on Plaintiff's Motion for Summary Judgment (Doc. 11) and Defendants Security Transport Services, Inc.'s and Donovan Grace's Cross-Motion for Summary Judgment (Doc. 13). For the reasons below, the court grants plaintiff's motion for summary judgment, and denies defendants' cross-motion.

**I.     Factual Background**[1]

The following facts are uncontroverted. Defendant Security Transport Services, Inc. (Security Transport) provides secured transportation services to customers throughout the United States. At all times relevant to this action, Security Transport employed defendant Donovan Grace. Also during the relevant time period, Security Transport owned a vehicle insured by plaintiff.

---

[1] The facts in this case are uncontroverted. The court has combined the facts proposed by both parties and as set out in the pretrial order (Doc. 10), and included only those that are relevant, material, and supported by the record.

Defendant Nancy Freund is the court-appointed guardian of David Morrison, who at all relevant times was a resident of Heritage Village of Eskridge, in Eskridge, Kansas, a residential mental health facility.

On or about March 27, 2006, Heritage Village hired Security Transport to pick up Mr. Morrison from its facility and to transport Mr. Morrison under restraints to the Veterans Affairs Hospital in Topeka, Kansas (VA Hospital) for an appointment. Security Transport sent defendant Grace, its driver, to pick up and transport Mr. Morrison.

Mr. Morrison did not want to be transported to the VA Hospital. On the sidewalk between the home and the parking lot, Mr. Morrison assaulted defendant Grace with a rock wrapped in a cloth. In response to the assault, defendant Grace and several employees of the Eskridge facility undertook to subdue Mr. Morrison. It was during the course of resisting their efforts to subdue him that Mr. Morrison sustained injuries (the incident). Subsequently, Mr. Morrison was carried to the vehicle, placed into the vehicle, and transported to the VA Hospital.

On March 26, 2008, Mr. Morrison, through defendant Freund his guardian, filed a personal injury action in the District Court of Wabaunsee County, Kansas against Security Transport. In that action, Mr. Morrison alleges that his injuries were caused by the negligence of defendant Grace acting as the employee of Security Transport.

Although Security Transport has denied liability to Mr. Morrison, it submitted a claim to plaintiff for coverage for the incident under the automobile insurance policy. Plaintiff agreed to defend Security Transport under a reservation of rights and is currently providing a defense to Security Transport in that action.

Plaintiff filed the present declaratory judgment action in this court seeking a declaration that

there is no automobile liability coverage for the incident. Plaintiff contends that the incident is not covered under the policy because it did not result from the "ownership, maintenance, or use of a covered 'auto.'" Defendants Security Transport and Grace argue that it did.[2] The case is before the court on the parties' competing motions for summary judgment.

## II. Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The filing of cross-motions for summary judgment does not change the standard of review. *James Barlow Family Ltd. P'ship v. David M. Munson Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) ("Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.").

## III. Discussion

There is no dispute as to any material facts in this case. There is dispute, however, as to the legal significance of the facts. Under the policy, plaintiff agrees to pay all sums that its insured must pay "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (Doc. 1-1; 12-1.) The question before the court is whether the incident—that is, the actions of defendant Grace in forcing Mr. Morrison to the ground and restraining him after Mr. Morrison

---

[2] Defendant Freund takes no position on whether the automobile liability policy provides coverage for the personal injury action filed by Mr. Morrison in Wabaunsee County.

assaulted him—constitutes an injury arising out of the ownership, maintenance, or use of the insured vehicle.

Kansas law governs the court's interpretation and construction of the policy at issue here. Under Kansas law, this court must determine whether the insured vehicle was being "used" within the meaning of the policy when the injuries were sustained. *Warner v. Stover*, 153 P.3d 1245, 1247 (Kan. 2007) (holding that the language of an unambiguous insurance policy must be construed in its plain, ordinary, and popular sense and according to the sense and meaning of the terms used); *Marshall v. Kansas Med. Mut. Ins. Co.*, 73 P.3d 120, 130 (Kan. 2003) (holding an ambiguity does not exist merely because the parties disagree on the interpretation of the language); *see also Esfeld Trucking, Inc. v. Metro. Ins. Co.*, 392 P.2d 107, 113 (Kan. 1964) (Schroeder, J., concurring) (noting that the term "use" is "hardly ambiguous.").

Kansas courts have consistently held that the term "use" in a coverage clause of an automobile liability policy is a "broad catchall" designed and construed to include "all proper uses" of the vehicle. *See Kemper Ins. Cos. v. Weber*, 168 P.3d 607, 612 (Kan. Ct. App. 2007); *U.S. Fidelity & Guar. Co. v. Farm Bureau Mut. Ins. Co.*, 584 P.2d 1264, 1267 (Kan. Ct. App. 1978); *see Colfax v. Johnson*, 11 P.3d 1171, 1175 (Kan. 2000) (citing with approval the test set forth in *U.S. Fidelity*, 584 P.2d at 1267); *Esfeld*, 392 P.2d at 110. "[U]se" includes "any exercise of control over the vehicle . . . regardless of its purpose, extent, or duration." *Kemper*, 168 P.3d at 613 (citing *U.S. Fidelity*, 584 P.2d at 1267).

Kansas courts have also required that there be a causal relationship between the use and the injury to trigger coverage. In other words, "even [if] a vehicle was being used within the meaning of the automobile liability policy, the question remains whether that use is so remote from the negligent act that it can be said there was no causal relationship between the use of the car and the injuries

-4-

sustained." *Farm Bureau Mut. Ins. Co. v. Evans*, 637 P.2d 491 (Kan. Ct. App. 1981). Under Kansas law, the court "must consider whether the injury sustained was a natural and reasonable incident or consequence of the use of the vehicle involved for the purposes shown by the declarations of the policy though not foreseen or expected." *Esfeld*, 392 P.2d at 110. "'[A]rising out of the use' of a vehicle requires the finding of some causal connection or relation between the use of the vehicle and the injury. Stated another way, an injury does not arise out of the 'use' of a vehicle within the meaning of the coverage clause of an automobile liability policy if it is caused by some intervening cause not identifiable with normal ownership, maintenance and use of the insured vehicle and the injury complained of." *Evans*, 637 P.2d at 493–94.

This court has reviewed the applicable Kansas case law interpreting the word "use" in automobile liability coverage disputes. The court concludes that the injuries here did not arise out of the "use" of the vehicle within the meaning of the coverage clause, and that plaintiff is entitled to judgment as a matter of law. While defendant attempts to characterize the injuries as part of the loading process, the undisputed facts, supported by the record, establish that the injuries occurred prior to loading Mr. Morrison into the vehicle, and as a result of his assault on defendant Grace. Although Grace's duties included providing secured transport, including placing restraints on passengers, the injury here, arising from Mr. Morrison's assault on Grace, is too removed from any natural use of the vehicle to come within the coverage of the policy. The injury Mr. Morrison sustained was unrelated to any exercise of control over the insured vehicle, which is required under Kansas law, and was not a natural and reasonable incident or consequence of the use of the insured vehicle. *See Esfeld*, 392 P.2d at 110. Based on these undisputed facts, the insured vehicle was not in use at the time the injuries were sustained. Plaintiff is entitled to declaratory judgment on this issue of coverage.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that Defendants Security Transport Services, Inc.'s and Donovan Grace's Cross-Motion for Summary Judgment (Doc. 13) is denied.

Dated this 22nd day of December 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
